ant again applied the power, and shortly thereafter, while feeding meat into the machine, the plaintiff's thumb became caught between the roller and the cover, which, it is to be inferred, inclosed the machine except at the opening where the meat was fed into it. The plaintiff immediately shouted, "Stop the machine!" The defendant at this time was in the store about 25 feet distant, and before he could return the plaintiff's fingers were caught or drawn in and cut off.

The court instructed the jury that the defendant was not responsible for the injury to the plaintiff's thumb; but, if they found that the defendant agreed to remain at the machine, and turn on and off the power, they might find him liable for the loss of the fingers upon the theory that he was negligent in leaving the machine and not being where he could turn off the power the instant the plaintiff's thumb was caught. Counsel for the defendant duly excepted to the latter instruction, and requested the court to charge that, if the plaintiff's thumb was caught through his own carelessness or negligence, there could be no recovery. The court declined to so charge, and counsel for the defendant excepted. We are of opinion that this exception presents reversible error. Only an exceedingly short interval of time elapsed after the plaintiff caught his thumb before his fingers were caught or drawn in. It is exceedingly doubtful whether the defendant, even if he had been standing near the machine, could have turned off the power in time to have saved the fingers of the plaintiff; but, assuming that he could, still the plaintiff was not at liberty to allow his thumb to be caught in the machine through his own carelessness or negligence—an act which would likely result in drawing in his fingers—and then hold the defendant responsible for his absence from the machine, even if that were a negligent act. In these circumstances it could not be said that the plaintiff's negligence in allowing his thumb to be caught was not a con- tributing cause to the loss of his fingers. The jury might well have found upon the evidence that the plaintiff was negligent in feeding the machine in a manner which resulted in his thumb becoming caught. If so, such negligence was the direct and proximate cause of the loss of the fingers. It will not do to allow a jury to speculate upon the theory that the plaintiff was free to negligently allow his hand to become injured to such an extent as he saw fit, and then to demand that the defendant be at his post, and stop further injuries, and for his failure to do so to assess against him that part of the damages which they might think he could have prevented.

It follows, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

---

(99 App. Div. 34)

## BYARS v. BENNINGTON & H. V. RY. CO.

(Supreme Court, Appellate Division, Third Department. November 16, 1904.)

1. RAILROADS—CONDITION OF FRANCHISE—FARES CHARGEABLE.
　　The granting of a railroad franchise between specified points on condition that only one fare shall be charged on said road has no application to charges made on other portions of the system of roads operated by the same company.

2. Same—Action for Penalty—Construction of Franchise—Extrinsic Evidence.

In an action against a railroad company, under Railroad Law, § 39 (Laws 1890, p. 1096, c. 565), for a penalty for charging an excessive fare, where the fare charged was not contrary to the wording of the franchise. extrinsic evidence is not admissible to explain the franchise so as to give it a different meaning.

3. Same—Charging Excessive Fares.

A railroad company operating a road through the village of H. to the village of W., being entitled, under its franchise, to charge one fare of five cents between the limits of the village of H. and the village of W., where a charge of one fare was made through the village of H. to a point therein, another fare could be charged from that point out toward the village of W., without incurring the penalty for charging excessive fares, under Railroad Law, § 39 (Laws 1890, p. 1096, c. 565).

Appeal from Trial Term, Rensselaer County.

Action for a penalty by James G. Byars against the Bennington & Hoosic Valley Railway Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

The action is under section 39 of the railroad law (Laws 1890, p. 1096, c. 565), for a penalty. The defendant was formed by the consolidation of different surface railroads, including the Hoosic Railway Company, which ran from a point in the village of Hoosic Falls to the village of. Walloomsac, in the town of Hoosic. In the town of Hoosic, Bouker's blacksmith shop is the North Hoosic station upon said road, part way between the village of Hoosic Falls and Walloomsac. The plaintiff was charged five cents for traveling from a point within the village of Hoosic Falls to Bouker's blacksmith shop. Another fare of five cents was then demanded of him to travel from Bouker's blacksmith shop toward the village of Walloomsac, which he refused to pay, and for which he was ejected from the car.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Thomas S. Fagan (J. K. Long, of counsel), for appellant.
George E. Greene (P. R. Chapman, of counsel), for respondent.

SMITH, J. The plaintiff's claim is not that the defendant was violating any statutory regulation as to the amount of fare which might be charged, but that, at the time of the granting of the franchise to the Hoosic Railway Company by the commissioners of highways of the town of Hoosic, it was therein provided that one fare only should be charged over the said road. The main question argued before us, as before the trial court, was as to what was meant by this clause in the franchise from the highway commissioners of the town of Hoosic. That franchise recites that an application had been made by petition of the Hoosic Railway Company for leave to construct, operate, maintain, and use a railroad on the surface of the soil through, upon, and along the highway extending north from the north boundary and limits of the village of Hoosic Falls to North Hoosic, and thence east along said highway from North Hoosic to the village of Walloomsac, in said town of Hoosic. After other recitals, in which it was stated that the commissioners had determined to give their consent to the construction, maintenance, and operation of said railroad, a resolution granting the. consent is set forth, upon certain express conditions. Among those conditions was one numbered 14, which provided "that but one fare

should be exacted for a single passage over said road." The plaintiff contends that the words "said road," as used in the said franchise given, included not only the road as included in the preamble of the resolution, as extending from the north boundary of Hoosic Falls to the village of Walloomsac, but also that part of the road within the village of Hoosic Falls. Whatever reason there may have been for including the right to ride into the village of Hoosic Falls upon one fare, the commissioners have clearly not stated that right in the franchise given. Of the 16 conditions expressed in the franchise upon which it was given, not one of them is claimed to relate to any other part of the road than that recited in the preamble, to wit, the road from the north boundary of Hoosic Falls to the village of Walloomsac, except the fourteenth condition. In fact, nowhere in the franchise given is any part of the road within the village of Hoosic Falls in any way mentioned. The granting of the franchise to the road to be constructed and maintained, from the north boundary of Hoosic Falls to the village of Walloomsac, upon condition that one fare only shall be charged by "said road," is an unambiguous grant, unconditioned as to any fare that shall be charged beyond the limits of the town.

It is further claimed that surrounding circumstances cause a latent ambiguity, which is open to explanation by extrinsic evidence. That the village of Hoosic Falls was the center from which the trading was done by residents of the town, and that the road in the village of Hoosic Falls was constructed, and part of the road within the town, at the time that the franchise was given, are facts which are claimed to present such ambiguity as to what was meant by the use of the words "said road." The words "said road," however, are legally described by the description of the road to which the franchise was given, to wit, the road from the north boundary of Hoosic Falls to the village of Walloomsac. The facts to which reference is made might well have entered into the minds of the highway commissioners in granting their franchise upon the condition of more extended rights to the residents of the town. The condition clearly expressed in the franchise, however, cannot be enlarged by facts which might well have led the commissioners to impose different conditions. In this action to recover this penalty the right of the railroad company must be determined by the franchise as given, and not by the franchise as it might have been given.

Again, it is claimed that, by oral agreement between the commissioners and those representing the railroad company, one fare only was to be charged from points within the town upon said road to any point within this village of Hoosic Falls. It is not alleged or claimed that the consolidated road had any notice of any such oral agreement. Moreover, it would be a most unsafe rule of law to allow an additional condition to those already stated in the written franchise to be added by parol. The written franchise should be conclusively presumed to contain all the conditions upon which the company is permitted to construct its road.

Finally it is claimed, because, under the fare taken in the village of Hoosic Falls, the plaintiff was allowed to ride part way in the town to North Hoosic, the charging of an additional fare from North Hoosic to Walloomsac is the charging of more than one fare within the town,

in violation of the conditions of the franchise. While no more than one fare is exacted from one point in the town to another point in the town there can be no violation of the condition of the franchise. The charging of one fare from a point in the village to a point in the town outside the village, and the charging of another fare from that point to another point within the town, is not an exaction of more than one fare for travel within the limits of the town, within the legal interpretation of the condition.

Our conclusion, therefore, is that the complaint was properly dismissed, and the judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.